IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2569-WJM-MEH

BROOKS TERRELL,

    Applicant,

v.

JACK FOX,

    Respondent.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

    Before the Court is a Motion for Temporary Restraining Order (TRO) (ECF No. 16) filed by Applicant Brooks Terrell ("Terrell"). Terrell appears to be arguing that prison officials are intentionally "depriving and disrupting [his] legal preparation in regards to this action" by taking away his "out-of-cell recreation." (*Id.* at 2.) The Court presumes that Terrell means to say he uses his recreation time for things such as going to the prison law library, making copies of legal papers, etc. Terrell asks the Court to enter a TRO preventing this alleged behavior, which he considers to be in retaliation for bringing the lawsuit.

    A motion for a TRO is not the appropriate request under the circumstances. To qualify for a TRO, the movant must demonstrate, among other things, a likelihood of success on the merits of his or her claims. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). Here, Terrell's TRO request has nothing to do with the merits of the claim he brings in this lawsuit (*i.e.*, an alleged violation of due process in a prison

disciplinary hearing).

Instead, Terrell appears to be asking the Court to use its inherent authority to control the judicial process and ensure that cases are litigated fully and fairly. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (courts possess inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process"); *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 690 (N.D. Ga. 2010) ("courts may enter orders or injunctions appropriate to protect both the courts and the rights of litigants in the federal system").

Terrell's brief motion does not come close to justifying exercise of this inherent authority. Terrell provides only two specific examples of times when he has been denied "out-of-cell recreation" allegedly for the purpose of preventing him from preparing his case. In addition, he has not shown how this has interfered with his ability to pursue this case. He has not shown, for example, a filing deadline that he missed because he was denied law library time.

Accordingly, Terrell's motion for a TRO (ECF No. 16) is DENIED.

Dated this 30th day of March, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge