IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02569-WJM-MEH

BROOKS JAMES TERRELL,

    Applicant,

v.

JACK FOX, Warden,

    Respondent.
_____

**RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**
_____

    Applicant Brooks James Terrell filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in a loss of fourteen visitation days. Because Mr. Terrell's challenge does not affect the validity or length of his confinement, a writ of habeas corpus is not available. Accordingly, I respectfully recommend that Mr. Terrell's application be dismissed.

## BACKGROUND

    Mr. Terrell is a current inmate at the Florence ADMAX Penitentiary in Florence, Colorado. On March 4, 2017, Mr. Terrell allegedly refused to take his required medication. Incident Report 2, ECF No. 15-4. As a result, prison officials issued an incident report for mis-use of authorized medication and conducted a disciplinary proceeding. *Id.*

    On November 30, 2017, Mr. Terrell filed the present Amended Application for Writ of Habeas Corpus, ECF No. 6. Mr. Terrell alleges his due process rights were infringed through the proceedings that resulted from the medication incident. *Id.* at 2. According to Mr. Terrell, Respondent did not conduct an initial investigation, and the hearing was not fair and impartial. *Id.*

Although Mr. Terrell does not explain any sanctions Respondent imposed, he claims that the incident is hampering his "transfer/advancement thr[ough] [prison] programs." *Id.* at 5.

Respondent filed a response on March 22, 2018. Resp. to Am. Appl. for Writ of Habeas Corpus, ECF No. 15. Respondent asserts the Court lacks jurisdiction over Mr. Terrell's application, because the disciplinary proceeding did not affect the duration or legality of Mr. Terrell's confinement. *Id.* at 3. Additionally, Respondent contends the disciplinary proceeding did not infringe Mr. Terrell's due process rights. *Id.* at 5–8. Mr. Terrell did not file a reply brief.

## **LEGAL STANDARD**

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A § 2241 habeas proceeding is generally "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

## **ANALYSIS**

I recommend denying Mr. Terrell's application for a writ of habeas corpus, because the discipline Mr. Terrell received did not affect the legality or length of his sentence. Mr. Terrell does not detail the discipline Respondent imposed. However, the incident report states that Mr. Terrell will lose fourteen days of visitation. Incident Report 2, ECF No. 15-4. The correctional counselor who conducts disciplinary hearings at the prison confirmed that the loss of visitation days is the only discipline Mr. Terrell received as a result of the incident. Decl. of Leonard Robinson ¶ 16, ECF No. 15-1.

"[T]he types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). Conversely, "[p]risoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*." *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001).

Here, Mr. Terrell received only a suspension of his privileges—*i.e.*, less visitation days. Mr. Terrell does not allege or produce evidence that Respondent imposed any other discipline that affects the length of his confinement, such as loss of good time credits. Although Mr. Terrell states the incident report is "hamper[ing] the applicant transfer/advancement thru [prison] programs," he does not detail the prison programs in which he is unable to participate or explain how not

3

advancing through prison programs is affecting the length of his confinement. Because the incident report and disciplinary hearing deprived Mr. Terrell only of prison privileges, he must bring his challenge pursuant to *Bivens*. *See Ricco v. Conner*, 146 F. App'x 249, 253–54 (10th Cir. 2005) (unpublished) (holding that a § 2241 petition was not the proper mechanism to challenge disciplinary proceedings that resulted in denial of a prisoner's visitation privileges); *see also Gee v. Murphy*, 325 F. App'x 666, 670 (10th Cir. 2009) (unpublished) (dismissing a § 2241 petition, because it "challenges only administrative decisions affecting [the petitioner's] day-to-day circumstances and prison privileges")

## **CONCLUSION**

In sum, because Mr. Terrell challenges conditions of his confinement that do not affect the length or validity of his sentence, he improperly asserts his due process claim in a habeas petition. Accordingly, this Court lacks jurisdiction over Mr. Terrell's petition, and I recommend that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed November 30, 2017; ECF No. 6] be **dismissed**.[1]

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered and dated at Denver, Colorado, this 15th day of May, 2018.

        BY THE COURT:

        *Michael E. Hegarty*

        Michael E. Hegarty
        United States Magistrate Judge