# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 17-cv-2569-WJM-MEH

BROOKS TERRELL,

    Applicant,

v.

JACK FOX,

    Respondent.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S MAY 15, 2018 RECOMMENDATION AND DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

Brooks Terrell ("Terrell") is a prisoner in the custody of the United States Bureau of Prisons, and is currently housed in the "ADMAX" or "ADX" unit at United States Penitentiary-Florence. He brings a habeas action under 28 U.S.C. § 2241 based on a prison disciplinary process that allegedly violated his procedural due process rights. (*See* ECF No. 6.) Currently before the Court is the May 15, 2018 Recommendation of U.S. Magistrate Judge Michael E. Hegarty ("Recommendation," ECF No. 18) that Terrell's habeas application be denied. Terrell timely filed an objection to the Recommendation. (*See* ECF Nos. 19–21.) Respondent filed no response. For the reasons set forth below, the Court will adopt Judge Hegarty's recommendation in full and deny the application for a writ of habeas corpus.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de

novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72, Advisory Committee Notes to 1983 Promulgation ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

In addition, Terrell is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. ANALYSIS

The allegedly unlawful disciplinary proceeding to which Terrell was subject arose from his unwillingness to take required medication. (ECF No. 15-4.) It is undisputed that the outcome of that disciplinary hearing was unfavorable to Terrell, but the only

punishment imposed was loss of fourteen days' visitation privileges. (*See* ECF No. 18 at 3.) In other words, the length of Terrell's prison sentence remains unchanged. Terrell further alleges that the outcome of the disciplinary hearing is "being utilize[d] to hamper [his] transfer/advancement through ADX programs." (ECF No. 6 at 5.)

Judge Hegarty found that Terrell had failed to allege any punishment affecting the length of his sentence, and so failed to state a claim for § 2241 habeas relief. (ECF No. 18 at 3–4.) Rather, Terrell was challenging only the conditions of his confinement, which must be brought (in a federal setting) under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.*) *See also Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("Generally, because they contest the fact or duration of custody, prisoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus. Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*." (citation omitted)), *judgment vacated as moot on reh'g*, 268 F.3d 953 (10th Cir. 2001).

Most of Terrell's objection argues that his due process rights truly were violated (ECF No. 21 at 1–2)—a matter Judge Hegarty never addressed. Terrell's only objection to Judge Hegarty's actual reasoning is the following (reproduced verbatim): "The movant would like to point out the 'fact,' that the incident report due process were violated by the respondent whom used the incident report to affect/deny movant's transerfer which is governor by a time table and/or 'length' of confinement." (*Id.* at 1.)

The meaning of this claim is not clear, but even construing it liberally, the Court cannot read it to mean that his disciplinary proceedings resulted in loss of good time credits or some other outcome that affected the length of his prison sentence. Terrell has therefore failed to show any error in Judge Hegarty's reasoning, and the Court perceives no error as well. His Recommendation will be adopted.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Terrell's Objection (ECF No. 21) is OVERRULED;

2. Judge Hegarty's May 15, 2018 Recommendation (ECF No. 18) is ADOPTED IN FULL;

3. Terrell's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) is DENIED; and

4. The Clerk shall enter judgment accordingly and shall terminate this case. The parties shall bear their own costs and attorneys' fees, if any.

Dated this 28th day of December, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge